JAMES C. BRINKWORTH, APPELLANT, V. J. S. GRABLE
ET AL., APPELLEES.

FILED JUNE 22, 1895. No. 6302.

1. **Municipal Corporations:** BONDS: REGISTRATION: DUTY OF
STATE AUDITOR: INJUNCTION: INTEREST COUPONS: TAXES.
Municipal bonds bearing date November 1, 1889, due in twenty
years, drawing interest at the rate of six per cent per annum
payable semi-annually, evidenced by coupons maturing May 1,
1890, and each six months thereafter, issued to aid in the con-
struction of a railroad, were deposited with the auditor of public
accounts on the 21st of December, 1889, for certification and reg-
istration. The auditor was prevented by injunction proceedings
from registering and certifying the bonds until January 1, 1891,
at which time they were registered and certified. *Held,* (1)
That as a matter of law the bonds were registered and certified
on December 21, 1889; (2) as taxes levied in counties under
township organization become due on the 1st day of October
after their levy (secs. 83, 91, ch. 77, Compiled Statutes, 1893),
(3) therefore, the auditor, when he registered said bonds, should
have detached therefrom the coupons thereon which by their
terms matured prior to October 1, 1890. (Sec. 37, ch. 9, Compiled
Statutes, 1893.)

2. ——— : ———: TAXES. Said section 37 construed, and *held* that
the object of its enactment was to prevent the municipalities of
the state from executing and putting upon the market their ob-
ligations for the payment of money which would by their terms
mature before a tax could be legally levied and become due for
the payment of the same.

3. ———: ———. It is settled law that a municipal corporation has
no power to issue its bonds in aid of a work of internal improve-
ment unless expressly authorized by statute to do so. *Young v.
Clarendon Township,* 132 U. S., 340, followed.

4. ———: ———: TAXES. The municipal corporation had authority
to issue the bonds in question, but it had no authority to issue
and deliver interest coupons which would mature before a tax
could be lawfully levied and become due for their payment.

5. ———: ———: VALIDITY OF COUPONS. That the coupons at-
tached to said bonds which matured prior to October 1, 1890,
were issued without authority of law, and were void even in
the hands of an innocent purchaser.

APPEAL from the district court of Gage county. Heard below before BABCOCK, J.

*E. O. Kretsinger*, for appellant.

*Gardiner Lathrop* and *Griggs, Rinaker & Bibb*, contra.

RAGAN, C.

In 1889 and 1890 the city of Beatrice was a city of the second class having more than 5,000 and less than 25,000 inhabitants, situate in Gage county, then under township organization. In August, 1889, at an election held for that purpose, the electors of the city of Beatrice voted to issue its bonds in the sum of $50,000, to aid in the construction of the Kansas City & Beatrice railroad. In August, 1889, the proper authorities of said city duly executed fifty of the bonds of said city, of $1,000 each, drawing interest at the rate of six per cent per annum, payable semi-annually. The bonds were to run twenty years and bore date November 1, 1889. The interest was evidenced by coupons attached to the bonds. One thousand five hundred dollars of these coupons matured on the 1st of May, 1890, and a like sum at the beginning of each six months thereafter. The bonds were a donation on the part of the city to the railroad company. There is no question in the case as to the validity of these bonds, nor that the railroad company was entitled to them. In December, 1889, the bonds were presented to the auditor of state for registration and certification. About this time an injunction suit was instituted by a taxpayer of the city of Beatrice, and the auditor and the secretary of state, the city of Beatrice and its mayor and council were enjoined,—the auditor and secretary of state from registering and certifying the bonds, and the city and its officers from levying a tax to pay the interest thereon. This injunction continued in force until January 1, 1891, when it was dissolved.

And thereafter on the 2d of January, 1891, the auditor and · secretary of state duly registered and certified the bonds. When the bonds were first presented to the auditor for registration in December, 1889, there were $1,500 of coupons attached to said bonds which would mature before a tax could be lawfully levied and become due with which to pay the same, and when the auditor and secretary of state actually registered and certified the bonds, January 2, 1891, there were $3,000 of matured coupons on said bonds, and $1,500 of coupons attached to said bonds which would mature before a tax could be lawfully thereafter levied and become due to pay the same. At the time the auditor actually registered the bonds in question on the 2d of January, 1891, he did not detach from said bonds any coupons whatever. In June, 1891, the proper authorities of the city of Beatrice levied a tax, not only for the payment of the coupons which would mature on the 1st of November, 1891, after said levy, but also a sufficient tax to pay the coupons which matured in May and November, 1890, and May, 1891. The tax so levied was collected by the treasurer of the city of Beatrice, and out of this tax and before the bringing of this suit he paid and discharged the coupons which matured May 1, 1890. This action was brought by James C. Brinkworth, a citizen and taxpayer of said city, to enjoin the latter from paying any of the coupons on said bond which matured prior to the 1st day of May, 1892. The court rendered a decree dismissing the petition of Brinkworth, and he has appealed. Section 37, chapter 9, Compiled Statutes, 1893, provides: "That whenever a bond of any county, city, town, township, precinct, village, school district, or other municipality, shall be presented to the auditor of public accounts for registration, the auditor shall examine the interest coupons thereto attached, and shall detach as many of them as shall mature before the first taxes levied to meet the same, shall become due and collectible, and stamp said coupons

' Detached by the auditor of public accounts,' and send to the treasurer of the county from which said coupons were issued." To reverse this decree it is insisted that taxes levied upon the property of the citizens of the city of Beatrice become due and collectible on the 1st day of January after their levy, and that the officers of the city of Beatrice and the county authorities of said Gage county could levy no tax for the payment of these interest coupons after the time at which the auditor actually registered them, January 2, 1891, which tax would be collectible until January, 1892, and therefore it was the duty of the auditor to detach all the coupons which matured in May and November, 1890, and May and November 1891. But counsel is mistaken as to the time when taxes levied upon the property of the city of Beatrice become due and collectible. Such taxes become due and collectible on the 1st day of October after their levy. (See secs. 83, 91, ch. 77, Compiled Statutes, 1893.)

Assuming for the moment the correctness of the contention of appellant's counsel, that the auditor at the time he actually registered these bonds, January 2, 1891, should have detached therefrom all coupons which had then matured and which would mature before a tax could be levied and become due for the payment of the same, the auditor should have detached only the coupons which matured on the 1st of May and November, 1890, and the 1st of May, 1891, as the proper city and county authorities could have levied a tax in June, 1891, for the payment of the coupons which fell due November 1, 1891, and this tax would have fallen due on the 1st of October of said year and been available for the payment of the coupons maturing in the following November. But these bonds were presented to the auditor for registration on the 21st of December, 1889. It was his duty to register and certify them at that time, and the record shows he would have done so but for the fact that he was prevented from so doing by the injunction

proceedings hereinbefore mentioned.   The auditor and sec-
retary of state then, when they did register and certify
these bonds in January, 1891, should have registered and
certified them as of the 21st of December, 1889, when they
were received for registration, and it would have been en-
tirely proper to have made the certificates of registration
and certification show that the registration had been de-
layed by injunction proceedings, and for that reason the
bonds were registered and certified as of December 21, 1889.
Counsel for the appellant insists that the auditor and sec-
retary of state could not do this, and that as the bonds were
not actually registered until January 2, 1891, and as no
taxes could be levied after that time for the payment of the
coupons on these bonds, and which tax would mature prior
to October, 1891, that it was the duty of the auditor to
detach not only the coupons which would mature in May,
1891, but to detach the coupons which had matured in
May and November, 1890, as no tax had been levied at
the time the bonds were actually registered for the pay-
ment of such coupons.   No authority is cited to sustain
this contention ; and with our knowledge of the well known
legal ability of counsel for the appellant we rely with perfect
confidence on the presumption that no such authority can
be found.   On the other hand, counsel for the appellees
insist that the auditor should not have detached from these
bonds any coupons whatever, as said section 37 of the stat-
ute quoted above has no reference to bonds issued by a
city to aid a work of internal improvement.   We do not
agree with this contention.   The statute applies to all
bonds, and it is settled law that a municipal corporation
has no power to issue its bonds in aid of a work of in-
ternal improvement unless expressly authorized by statute
to do so. (*Young v. Clarendon Township*, 132 U. S., 340.)
The object of the enactment of the statute, said section 37,
was to prevent the municipalities of the state from execut-
ing and putting upon the market their obligations for the

payment of money which would by their terms mature be-
fore a tax could be legally levied and become due for the
payment of the same.   Indeed, we think this is the spirit
of all the statutes of the state authorizing municipal cor-
porations to issue bonds.   The law authorized the city of
Beatrice to issue its municipal bonds to aid a work of in-
ternal improvement, but it had no authority to issue and
deliver an interest coupon which would mature before a tax
could be lawfully levied and become due for its payment.
The coupons on these bonds which matured in May, 1890,
were issued without authority of law.   They were abso-
lutely void even in the hands of an innocent purchaser.
(*Marsh v. Fulton County*, 77 U. S., 676.)   These bonds
then were, as a matter of law, registered December 21;
1889, and it was the duty of the auditor, under said sec-
tion 37 of the statute just quoted, to detach from said
bonds the coupons which matured May 1, 1890, and return
them to the county treasurer of Gage county.   After the
injunction proceedings were dissolved it was the duty of the
city of Beatrice, in Gage county, in June, 1891, to levy
taxes for the payment of the coupons which would mature
on the 1st of November, 1891, and for the coupons which
had matured in November, 1890, and May, 1891, and for
the payment of which no provision had been made by rea-
son of the pendency of the injunction proceedings; or, in
the language of section 79, chapter 77, Compiled Statutes
1893, it was the duty of the city authorities of Beatrice in
June, 1891, to include in their levy of taxes a sufficient
sum to pay the amounts then due upon all legal and valid
bonds outstanding against the city.   The coupons which
matured November 1, 1890, and May 1, 1891, were legal
and valid obligations outstanding against the city; but the
coupons which matured on May 1, 1890, were not legal,
valid, or binding obligations of the city, and the city au-
thorities in June, 1891, should not have included in their
levy any sum of money for the payment of such coupons.

We have said that the treasurer paid the coupons which matured on the 1st of May, 1890, before the bringing of this suit. The record shows: "And now, on this 28th of March, 1892, came the plaintiff and files his petition," etc. This petition was sworn to on the 27th of May, 1892, and at the end of the petition is the following: "Filed May 28, 1892. R. W. Laflin, Clerk of the District Court." The amended answer on which the action was tried, and the only one in the record, was sworn to on the 12th of April, 1893, but the record does not recite when this answer was filed. There is nothing in the record to show that any summons was ever served upon the treasurer, nor that any temporary injunction or restraining order was ever served on him. The case was heard on the 27th of May, 1893, and the decree recites that by stipulation the hearing was to be a final one, and the court authorized, after hearing the evidence, to enter a final decree instead of a temporary order of injunction. With the record in this shape we must presume that the treasurer paid the coupons which fell due on May 1, 1890, before the bringing of this action. We conclude, therefore, (1) that the bonds in controversy were registered and certified, in contemplation of law, on the 21st of December, 1889; (2) that the auditor should not have detached from said bonds any coupons except those which matured on the 1st of May, 1890; (3) that the authorities of the city of Beatrice in the levy of taxes made by them in June, 1891, properly included in such levy a sum sufficient to pay the coupons which matured on the 1st day of November, 1890, and the 1st day of May, 1891. The decree of the district court is, therefore, in all things

AFFIRMED.